[No. 4572.]

Munson v. The City of Colorado Springs.

1. **Cities and Towns—Ordinances—Reasonableness—Constitutionality—General and Specific Powers.**

If a municipal corporation is, in specific and defined language, given the power to enact a particular ordinance, that is, if the power and manner of its exercise are both conferred by the legislature, the courts may not adjudge such ordinance invalid merely because it is unreasonable, but only if it is unconstitutional. But if the power be given in general terms, or if the method of its exercise is not prescribed, the courts may declare the ordinance invalid, if unreasonable, even though it may not contravene any specific constitutional provision.

2. **Same—License—Railroad Ticket Brokers.**

The reasonableness as well as the constitutionality of a city ordinance regulating the licensing of railroad ticket brokers is a matter of judicial cognizance.

3. **Same.**

A city ordinance regulating the licensing of railroad ticket brokers which requires an applicant for license to file with the city clerk a certificate of membership in some reputable ticket brokers' association before a license will be issued, is unreasonable and invalid.

*Error to the County Court of El Paso County.*
*Hon. James A. Orr, Judge.*

Mr. Frank J. Baker and Mr. R. L. Holland, for plaintiff in error.

Mr. Wm. C. Robinson, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court:

This is a proceeding in the nature of a civil action against the defendant, Munson, for the violation of a city ordinance of the city of Colorado Springs concerning licenses. That part of the ordinance which bears upon the pending controversy provides that no person shall engage in the railroad ticket brokerage business in the city without first having obtained a license therefor and paid to the city treasurer the prescribed license fee. In addition to the payment of the fee, the applicant for a license must, before it is issued, file with the city clerk a certificate of membership in some reputable ticket brokers' association. Munson applied for a license to carry on the business of a railroad ticket broker in the city, and tendered the prescribed fee to the city treasurer. He did not, however, on account of his inability to procure the same, file with the city clerk the certificate of membership which the ordinance required, and because of his failure in this particular the treasurer declined to receive the fee, and the clerk refused to issue the license. Notwithstanding the fact that he did not procure a license, defendant engaged in the business of a ticket broker in the city, and this proceeding against him therefor resulted in his conviction and a fine in the court of the police magistrate, and, on appeal in the county court, and to the judgment of the latter imposing the same, he prosecutes this writ of error, asserting that

the ordinance violates various provisions of the federal and state constitutions. No objection is raised as to the character of the action, or the manner in which the validity of the ordinance is tested.

At the trial, defendant offered to show that he had, in good faith, applied for membership in every reputable ticket brokers' association, but did not succeed in obtaining it, through no fault of his own, and without any valid reason being given for the refusal. He also offered to show that membership in these associations is conferred in the judgment of their executive committees, that it is limited in numbers, which limit was reached when he applied, and therefore it was impossible for him to bring himself within the requirement of the ordinance in this respect. such offer of proof was denied, and the trial court instructed the jury, on the admitted facts, to return a verdict against the defendant.

If a municipal corporation is, in specific and defined language, given the power to enact a particular ordinance—that is, if the power and the manner of its exercise are both conferred by the legislature—the courts may not adjudge it invalid merely because it is unreasonable, but only if it is unconstitutional. But if the power be given in general terms, or if the method of its exercise is not prescribed, the courts may declare it invalid, if unreasonable, even though it may not contravene any specific constitutional provision.—*Phillips v. City of Denver*, 19 Colo. 179; 1 Dillon on Mun. Corp. (4th ed.), § 328.

The warrant for this ordinance is said to be subdivision 4 of section 4403, 2 Mills' Ann. Stats., which confers upon city councils the power "to fix the amount, terms and manner of issuing and revoking licenses," and subdivision 61, which delegates to municipal bodies the power "to tax, license and regulate * * * brokers." It is clear therefrom that,

while the general power thus to legislate is conferred, the mode of its exercise is not prescribed, hence the reasonableness, as well as the constitutionality, of this ordinance is a matter of judicial cognizance.

It is well to remark that we have not before us an act of the general assembly which is attacked because inhibited by some specific constitutional provision. Statutes supposed to be similar in character to this ordinance have been before the courts for construction. In *People v. Warden, etc.*, 157 N. Y. 116, 43 L. R. A. 264, the court of appeals of New York declared unconstitutional a statute which forbade all but duly appointed agents of transportation companies from engaging in the business of a ticket broker, while similar statutes have been sustained in Illinois and Minnesota.—*Burdick v. People*, 149 Ill. 600, 24 L. R. A. 152; *State v. Corbett*, 57 Minn 345, 24 L. R. A. 498.

Whether the general assembly may itself pass an act, or in express, defined and specific terms delegate to a municipal corporation the power to pass an ordinance requiring an applicant for a license to engage in the railroad ticket brokerage business to furnish, as a condition precedent to the granting of the license, a certificate of membership in some reputable ticket brokers' association, we do not say. It has done neither in this instance. The scope of our inquiry, therefore, is limited to the sole question whether, under the clauses of the statute cited, the city council of a city has the power to ordain the particular provision of this ordinance.

We have before us an ordinance, passed in pursuance of a delegation of general power by the general assembly, whose mode of exercise is not defined, which requires a certificate from a purely private voluntary association as a condition precedent to the issuance of a license to engage in a business recog-

nized by the city as perfectly legitimate. We think such an ordinance is unreasonable, as well as an unwarranted abandonment of delegated power. The power to license ticket brokers has been conferred by the general assembly upon the city council of cities, but that body may not relinquish the delegated power, or any essential part of it, to a private person or corporation or a purely voluntary private association, or confer upon any such association power to perform any municipal function whatever.—Section 35, article V, of our constitution. If this part of the ordinance is valid, then a private association of individuals may, in the judgment of its executive committee or governing body, wholly without any regulation of law or legislative restraint or guidance, arbitrarily select what citizens may, and reject other citizens who may not, pursue a lawful vocation, entirely irrespective of their fitness, qualifications, or personal integrity, and even though they all belong to the same class and are of the same general ability and fitness. The city council has attempted to divest itself, and all of its officers, of the power to pass upon the fitness and qualifications of applicants. It assumes to confer upon a private association the power, as to an ordinary business, to select those who shall, and reject others of the same class and under the same conditions, who shall not engage in it. Clearly this ordinance purports to confer upon a private association the power to perform a purely municipal function, and it is therefore inoperative.

The ordinance recognizes the lawfulness of the business. To conduct it requires of those who follow it no special skill or preliminary training or scientific or technical knowledge. Whatever may be said of legislation which entrusts to the discretion of public officers, under proper prescribed regulations of the law-making body, the determination of the fit-

ness and qualifications of applicants for a license to sell liquor, or pursue an avocation which, in the interest of public morals, the public health, public safety, or general welfare of the people, requires of those engaged in it some special skill, or scientific or technical knowledge, no justification, in law, can be found for this ordinance which leaves to a purely private body, wholly unrestrained and without any legislative guidance whatever for controlling its action, the arbitrary determination as to who may, and who may not, pursue a business thereby declared lawful, and which one citizen is as capable of conducting as another.

Wholly aside, therefore, from the question as to its invalidity on the specific grounds urged, this ordinance, in so far as it requires of applicants for a license to conduct it a certificate of membership in a reputable ticket brokers' association, is unreasonable and beyond the power of the city council to enact, in that it is an attempt to delegate to a private individual legislative power delegated to it by the general assembly. It comes within the ban of the doctrines announced in the decisions of this court adjudging invalid an ordinance regulating the location of livery stables—*Phillips v. City of Denver, supra; May v. People,* 1 Colo. App. 157—in which an ordinance concerning nuisances was declared void; and *Walsh v. City of Denver,* 11 Colo. App. 523, where it was said that a city may not delegate its discretionary legislative power to other bodies, or to other individuals. See, also, *Fite v. State* (Tenn.), 88 S. W. Rep. 941, on a kindred subject.

The judgment is reversed, and the cause remanded with instructions to the county court to dismiss the proceeding at the costs of the city.