[No. 5205.]
[No. 2816 C. A.]

## The City of La Junta v. Heath.

**Constitutional Law—Ordinances—Licenses—Discretion to Issue Vested in Council.**

An ordinance requiring one peddling artesian water within the city limits to have a license, and giving the city council power to give or withhold such license at its discretion, is void in that it is violative of the fundamental law of the state and nation. The right to pursue a lawful calling is a natural right, subject only to such restrictions as the legislative authority may impose upon all alike, and it is not dependent upon the will or caprice, or the pleasure or prejudice or discretion of a city council.—P. 377.

*Appeal from the County Court of Otero County.*
*Hon. A. B. Wallis, Judge.*

Action by The City of La Junta against C. H. Heath for violating an ordinance. From a judgment for defendant, the city appeals.

Decision *en banc.*                    *Affirmed.*

Mr. Thos. R. Hoffmire, for appellant.

Mr. O. G. Hess, for appellee.

Mr. Justice Steele delivered the opinion of the court:

Heath was arrested by the city authorities and charged with violating a city ordinance which forbids the selling of water without a license so to do. The police magistrate discharged him; so did the county judge. The city appealed from the decision of the county court to the court of appeals.

The city owns a water-works system taking water from the Arkansas river. It also owns wells within its corporate limits. The ordinance under which Heath was prosecuted is ordinance No. 115, and is entitled: "An ordinance concerning the use of ar-

tesian water from artesian wells, the property of the incorporated town of La Junta, and regulating and controlling the use, sale and delivery of all artesian water within the corporate limits." Section 5 of the ordinance is as follows: "Section 5. Any person or persons, company, association or corporation obtaining artesian water from any well or wells, or their overflow, or through any hydrant or pipe connected with such well or wells, not the property, or under the control, of the incorporated town of La Junta, for the purpose of peddling, selling or giving away, within the corporate limits of said town, shall first apply to the board of trustees for a permit, and if said board, in its discretion, grants said permit, shall pay to the town treasurer the sum of fifty dollars, for a license of one year, and execute to the town such bond as is required under the provisions of section 2 of this ordinance. Any violation of this section shall subject the offender to a fine of not less than five nor more than twenty-five dollars for each day of its violation, or confinement in the town jail from one to ten days, or both fine and imprisonment, in the discretion of the police magistrate." Since the passage of the ordinance, the former town of La Junta has become a city of the second class.

This ordinance, it is claimed, is void:

"First—Because the statute under which the city is organized gives it no power to tax persons for delivering water—that is, wholesome and pure water for household uses—and no power to prohibit such a calling.

"Second—Because the ordinance gives the city council an arbitrary discretion to grant or refuse permits for the same, without any restriction whatsoever.

"Third—Because the prohibition of the delivery of pure and wholesome water for household purposes

is against the general laws and public policy of the state, and the ordinance is void."

On behalf of the city, it is contended that the ordinance is a valid exercise of power granted in order to protect its water-works system; and that, independently of the protection afforded by the ordinance to its water-works system, the city has the undoubted power to regulate the sale and distribution of artesian water. Counsel does not contend that the ordinance was enacted as a sanitary measure, for the protection of the health of the inhabitants of the city, but bases his contention that the ordinance is valid upon the ground that its primary object is to protect the income of the city derived from its water works, and that it is within the power of a city to protect itself from petty and irresponsible competition in the business of supplying its inhabitants with water; and in the discussion of the case we shall assume that the city has enacted the necessary ordinances to prevent the sale of unwholesome or impure water.

We find no provision in the statute granting express power to the city to regulate the sale and distribution of water for the purpose of preventing competition with the city, thus enabling it to protect the revenue of its water-works system, nor is such power necessarily or fairly implied from the power to erect water works. The statute, page 2278 Mills' Ann. Stats., grants power to the city to license, tax, regulate, suppress and prohibit peddlers. The defendant was engaged in the business of peddling water. The sole question for our consideration, then, is: Can the ordinance be upheld as a valid exercise of the power granted by the legislature to the city council?

An ordinance similar in many respects to the ordinance now under consideration was held to be void by the court of appeals in the case *Walsh v. Denver,* 11 Colo. App. 523. The court said:

"The business or occupation of plaintiff is conceded to have been a lawful one, and he was entitled, therefore, to the privilege of carrying it on, subject only to such restrictions as the city had the authority to impose, and such as were imposed upon all others engaged in the same occupation. This ordinance, upon its face, violates this requirement. It seems intended to confer, and did confer, upon the police board and upon the health commissioner, not a discretion to be exercised upon a consideration of the circumstances of each case as applied to general regulations and requirements in reference to all engaged in the same business, but a naked, arbitrary power to grant or withhold licenses without assigning any reason whatever therefor. It was a discretion which was purely arbitrary, and acknowledged neither guidance nor restraint."

As supporting their conclusions, the court cited *Yick Wo v. Hopkins,* reported in 118 U. S. at page 356. The supreme court of the United States held void an ordinance of the city of San Francisco, as being in violation of the fourteenth amendment to the federal constitution. The court held that a municipal ordinance to regulate the carrying on of public laundries within the limits of a municipality violates the provisions of the constitution of the United States if it confers upon the municipal authorities arbitrary power, at their own will and without regard to discretion in the legal sense of the term, to give or withhold consent as to persons or places, without regard to the competency of the persons applying or the propriety of the places selected for the carrying on of the business. In the course of the opinion, Mr. Justice Matthews, who delivered the opinion of the court, said, speaking of the ordinances:

"They seem intended to confer, and actually do confer, not a discretion to be exercised upon a con-

sideration of the circumstances of each case, but a naked and arbitrary power to give or withhold consent, not only as to places, but as to persons. So that, if an applicant for such consent, being in every way a competent and qualified person, and having complied with every reasonable condition demanded by any public interest, should, failing to obtain the requisite consent of the supervisors to the prosecution of his business, apply for redress by the judicial process of *mandamus,* to require the supervisors to consider and act upon his case, it would be a sufficient answer for them to say that the law had conferred upon them authority to withhold their assent, without reason and without responsibility. The power given to them is not confined to their discretion in the legal sense of that term, but is granted to their mere will. It is purely arbitrary, and acknowledges neither guidance nor restraint.''

The ordinance of La Junta is objectionable for the same reason that the ordinances mentioned in the foregoing opinion were objectionable. It grants to the city council power to give or withhold a license at its discretion. It is a discretion purely arbitrary, and one that acknowledges neither guidance nor restraint, and is, therefore, violative of the fundamental law of the state and nation. The business of selling water is a lawful occupation. There being nothing about the business requiring those engaged in its pursuit to possess peculiar qualifications, there is no reason apparent why the public officials should have discretion to give or withhold from an applicant the privilege of engaging in the business, as they have in cases where one applies for license to sell liquor at a particular place. Such statutes have been upheld vesting discretionary power in public authorities, because of the policy of the state with reference to the character of the business; and the place where the

business is to be conducted and the character of the person applying for the privilege are proper subjects for consideration by the licensing authority. In the interest of the public health, many restraints are, and should be, placed upon those engaged in the business of supplying the public with food and drink, but this ordinance does not purport to be an ordinance of that character. Whenever one is granted a license to engage in the business of selling articles for human consumption, the authority granted is to sell pure and wholesome articles only, and, if impure or adulterated articles or unwholesome articles are offered for sale, the ordinances concerning public health can be invoked.

The business of selling water being entirely lawful, and not being under the ban of the law as requiring restrictions so that the public authorities should have arbitrary power to grant or withhold license to engage in it, all under like conditions should be free to engage in its pursuit. It is the privilege of all citizens to pursue a lawful calling without other restriction or condition than if imposed upon others similarly situated. The right to pursue a lawful calling is a natural right, subject only to such restrictions as the legislative authority may impose upon all alike, and it is not dependent upon the will or caprice, or the pleasure or prejudice or discretion of the city council; and when the council of La Junta undertook to vest its city council with the authority, at its discretion, to grant or withhold permission to engage in the lawful business of selling water, it exceeded its power, and its enactments on the subject are void.

Whether it is or is not within the power of the legislature to grant authority to cities owning a water-works system or wells to provide by ordinance for the protection of the revenue derived from such

water-works system or wells, and for this purpose to regulate the sale and distribution of water other than that controlled by the city, we do not decide.

The judgment of the county court is correct, and it is affirmed.                              *Affirmed.*

Decision *en banc,* all the justices concurring.