## No. 11,963.

### DWYER *v*. THE PEOPLE.

Decided November 28, 1927.

Plaintiff in error was found guilty of operating a public dance hall without a license.

### *Affirmed.*

### *On Application for Supersedeas.*

1. **POLICE POWER—***Public Dance Halls.* The tendency of public dance halls, uncontrolled, is to weaken morals and breed disorder and indolence; they may be regulated or entirely prohibited under the police power, and statutes providing for licensing them are not vulnerable to the objection that they are unconstitutional.

2. **CONSTITUTIONAL LAW—***Dance Halls—License.* The exemption of incorporated towns and cities from the operation of chapter 147, S. L. '27, concerning licensing of public dance halls by county commissioners, is a reasonable and valid classification.

3. **POLICE POWER—***Property.* All property is held subject to the police power of the state.

4. **DANCE HALLS—***License—Refusal—Remedy.* If a person is injured by unlawful action, or failure of county commissioners to act on his application for a license for a public dance hall, the writs of certiorari and mandamus are available remedies.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. CLYDE L. STARRETT, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En Banc.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as defendant. He was charged with violating chapter 147, L. 1927, by operating a public dance hall without a license. He waived a jury and on trial to the court was found guilty, and fined $25. To review that judgment he brings error and asks that the writ be made a supersedeas.

The sole question here presented is the constitutionality of the statute above mentioned. That statute, from which incorporated towns and cities are expressly exempted, forbids the operation of a public dance hall without a license from the board of county commissioners. It provides that "such board of county commissioners shall have the authority, within its discretion, to grant such license," and "shall have full power and authority, at its discretion, to revoke and cancel any license * * * whenever such board shall, by proper resolution, determine that the public morals or public safety or public health of the community require such revocation or cancellation." Defendant says an absolute and uncontrolled discretion is thus vested in the county board, and no adequate remedy afforded for the abuse thereof, and that the act therefore violates the due process clause of the constitution. In support of this position he cites: *Walsh v. Denver,* 11 Colo. App. 523, 53 Pac. 458; *City of La Junta v. Heath,* 38 Colo. 372, 88 Pac. 459; *Munson v. City of Colorado Springs,* 35 Colo. 506, 84 Pac. 683, 6 L. R. A. (N. S.) 432, 9 Ann. Cas. 970; *Weicker Co. v. Denver,* 75 Colo. 475, 226 Pac. 857.

The Walsh case concerned a license to operate a meat market; the Heath case to sell artesian water; the Munson case to carry on the business of a ticket broker; and the Weicker case to erect a warehouse. They rest upon the doctrine of *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220, and relate to a business "harm-

less in itself and useful to the community," and which any person has a right to engage in, subject only to reasonable regulation. The doctrine is not applicable to those enterprises which, because of their very nature, are likely to become destructive of good morals and the peace and order of society, such as public dance halls which "easily become the center of vice." Freund Police Power, sec. 250. The business here under consideration is therefore governed by the rule applicable in cases involving licenses for the sale of intoxicating liquor, before that traffic was constitutionally forbidden.

Defendant also relies upon *Krier v. Walsenburg,* (Dick, Mayor) 26 Colo. App. 150, 141 Pac. 505, which involved the issuance of a license "to run a moving picture show" which the court held was "a business not inherently dangerous to the peace and good order of the city," but "a legitimate and useful occupation." Assuming, as we must, the correctness of that finding the authority is not in point.

Briefly stated the law here applicable is that public dance halls may be regulated under the police power (12 C. J. 926); that, uncontrolled, their tendency is to weaken morals and breed disorder and indolence (*Mehlos v. Milwaukee,* 156 Wis. 591, 601, 146 N. W. 882, 51 L. R. A. (N. S.) 1009, Ann. Cas. 1915C, 1102); that such places may be regulated or entirely prohibited (6 R. C. L. 207); and hence statutes providing for licensing them are not vulnerable to the attack here made. *Crowley v. Christensen,* 137 U. S. 89, 34 L. Ed. 620.

The exemption of incorporated towns and cities, which themselves have a like power of control and where the business is more easily policed, is a reasonable and valid classification. If the refusal of the board to grant defendant a license has caused some diminution in the value of his property, that diminution is an incident of the exercise of the state's police power, subject to which all men hold. Finally, if defendant has been injured by the county board's unlawful act, or failure to act, he is

not without a remedy while writs of certiorari and mandamus are still issued by the courts, as clearly appears from *Krier v. Walsenburg, supra,* on which he relies. The judgment is accordingly affirmed.