## OLD ET AL. v. KEENER ET AL.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS.

Where exhibits and other evidence are omitted from the bill of exceptions, the court is powerless to review the findings of the court below upon the questions of fact to which such evidence related.

2. ASSIGNMENTS OF ERROR.

An assignment of error which does not particularly specify the alleged erroneous action of the court below, or point out where it may be found in the record, is objectionable, and, under rule 11, may be ignored.

3. EVIDENCE.

A question which calls for the opinion of the witness upon the ultimate fact to be tried by the jury is improper.

4. DAMAGES—EVIDENCE.

Where the plaintiffs had sold to defendants a right of way through their premises, and afterward brought an action to recover for injuries alleged to have been caused by the negligent and improper manner in which defendants operated the ditch, evidence was admissible to show the extent of the damage to plaintiffs' adjoining land occasioned by defendants' failure to keep the ditch in repair, but not to show the value of the land with and without the ditch.

*Error to the District Court of Arapahoe County.*

Mr. EDWIN H. PARK, for plaintiffs in error.

Messrs. BENEDICT & PHELPS and Messrs. WAYBRIGHT & BETTS, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

On the 22d day of March, 1883, the plaintiffs in error, for

the consideration of $50.00, conveyed to defendant Keener
the following described piece of land:

" A strip of ground sixteen and one-half (16½) feet in width
through the eighty-acre tract described as follows: The south
half (½) of the southeast quarter (¼) of section fifteen (15),
township four (4) south, range sixty-nine (69) west, etc.,
for the purpose of a ditch for conveying water through and
across the said eighty-acre tract, said strip of ground to be
used for such purpose, and none other, and should said strip
be used for other purposes than is needful to the convenient
use of said ditch, the title thereto, hereby conveyed, is to
revert to said party of the first part; * * * said strip of land
being more particularly described as follows, being eight feet
and three inches (8 feet and 3 inches) in width along and on
each side of a line running and described as follows: begin-
ning at or near the northwest corner of said eighty-acre tract
above described, running thence southeasterly by most con-
venient route for twelve hundred (1,200) feet, more or less,
to the center of the natural gully or gulch running through
said tract known as Wier's Gulch, thence down along the
center of said gulch following the meanderings thereof in an
easterly and northeasterly direction for nineteen hundred
(1,900) feet, more or less, to a point on the east side line of
said section fifteen (15), at or near the northeast corner of
said eighty-acre tract."

Ever since the date of this conveyance, Keener, and, during
a part of this time, the other defendants in error, have con-
veyed water over the eighty-acre tract described by means of
a channel originally made by plowing one or two furrows,
but greatly enlarged by erosion caused by the flow of water
therein. On the 7th day of August, 1891, plaintiffs in error
instituted this action to recover for injuries which they allege
have been caused by the negligent and improper manner in
which the defendants in error have operated the ditch, or
water course, and in addition thereto, ask that the deed above
mentioned be canceled. Trial was had to the court, judg-
ment rendered for the sum of $75.00 in favor of plaintiffs in

error, and the other relief prayed for denied. Plaintiffs bring the case here on error.

It appears from the evidence that the water conveyed through this channel, by reason of the quantity and rapidity of its flow, has in some places cut the channel to the depth of five or six feet, and has widened it in some places so that it encroaches upon the adjoining land of plaintiffs in error. They seek to recover damages on account of both of these results. In other words, they claim the right to recover for the washing away of the soil within the sixteen and one-half feet claimed by defendants in error, as well as for the encroachment of the ditch on the land outside of such strip, predicating this right upon the claim that the ditch was not located upon the strip of land described in the deed, but runs over other portions of the eighty-acre tract outside of it. If, after an acquiescence of upwards of eight years in the location of the ditch as originally made by their grantee, seemingly in conformity with the description in the deed, they may be allowed to show that it is not upon the strip of land conveyed, suffice it to say that neither their allegations nor proofs sustain their contention. The exhibits sought to be introduced in support of this claim are entirely omitted from the abstract of record and not before us for consideration, but if they were, we would still be powerless to review the finding of the court in this particular, since a very material portion of the evidence introduced upon the question as to whether or not the ditch, as constructed and operated, was upon the strip of land described in the deed, is omitted from the bill of exceptions. While exhibit four is before us, which it is claimed shows the line of the ditch as originally contemplated by the parties and conveyed by the description in the deed, the map and survey of the witness O'Brien, showing its actual location, introduced upon the trial, is omitted from the bill of exceptions; and we are therefore unable to determine the weight of the evidence upon this point, and must assume that the court below correctly held that plaintiffs in error could recover only for the damages

to the land lying outside of the limits of the strip. And its finding as to the amount of such damage, based as it is upon conflicting evidence, is conclusive upon us, and unless some error intervened upon the trial ·prejudicial to the plaintiffs' rights, its judgment must be upheld.

The assignments from number three to number fifteen inclusive attempt to present such errors by a general statement that the court erred in refusing to allow plaintiffs in error to show certain matters, without specifying or pointing out the alleged erroneous action of the court, or referring to the testimony rejected, where it may be found in the record, or the name of the witness by whom the proof was sought to be ˙made. Under rule No. 11 we would be justified in ignoring these assignments altogether, but since they challenge the correctness of the rulings of the trial court upon propositions of law that are too well settled to admit of discussion, we have searched the record to ascertain whether it is true that the court made such erroneous· rulings as are alleged in the assignments, and from our examination we are satisfied that the various rulings complained of are unobjectionable and not open to the criticisms made by counsel for plaintiffs in error. We notice, as being the most important, the errors predicated upon the 10th, 11th and 12th assignments, to the effect that the court erred in not allowing plaintiffs to show what damages their land had sustained by reason of the ditch being in its present condition, and not maintained as a proper ditch ; and in refusing to allow them to show, by the proper rule, what damages they had sustained. All that the record shows upon this point is the following: Upon the examination of Salkeld Smith, a witness for plaintiffs, these questions were asked, and an objection thereto sustained :

" Q. How much has that ditch damaged that property by virtue of its being in its present condition, and not being maintained as a proper ditch?" And further on—

" Q. What would be the value of that forty acres without that ditch upon it?" * * *

" The Court—That is, these two rods wide you are speaking of now? Mr. Park—As to the whole forty acres."

The first question was objectionable because it called for the opinion of the witness upon the ultimate fact to be tried by the jury. The second question was objectionable for the same reason, and for the further reason that it was an attempt to show the value of the land, with or without the ditch, notwithstanding the right to build and operate the ditch had been granted and paid for.

We find no instance in the record where the court refused to allow any proper evidence as to the damages occasioned by the manner in which the ditch was kept and operated, or any denial of the proper measure of damages in such a case; but, on the other hand, evidence was admitted to show the extent of the damage to plaintiffs' adjoining land occasioned by the failure on the part of defendants in error to keep their ditch in proper repair.

The provisions of the irrigation statute cited by counsel for plaintiffs in error as sustaining their contention were given their full force and effect in so far as they were applicable to this case, and the court recognized that the duty was incumbent upon defendants in error to keep the ditch in repair, and their liability to parties who might be damaged by reason of their neglect to do so. In other respects these provisions have no application under the facts in this case.

Without discussing in detail the other assignments, it is sufficient to say that we find them equally groundless. The judgment of the district court will be affirmed.

*Affirmed.*