# STATE EX REL. W. I. CROW, Respondent, v. J. C. CAROTHERS, Appellant.

### Kansas City Court of Appeals, May 10, 1920.

1. **MANDAMUS: Recall of Officer: Statute: Petition: City Clerk: Voters: Voter's Register.** Where a statute of Missouri authorizes an election for the recall of a present incumbent in a municipal office by filing with the city clerk a petition containing the names of a certain per cent of the voters voting for Mayor at the last election, such voters to be ascertained by the city clerk from the "voters register." It was *held* that the petitioners must appear to be qualified electors from the voter's register, and that an application for mandamus to compel the clerk to submit the petition to the city council which does not allege, that the requisite number of petitioners were found on such "voter's register" did not state a cause of action, or right to a writ of mandamus.

2. **CITY CLERK: Voter's Register: Election: Quasi Judicial Duties.** The statute (Laws 1913, sec. 19, p. 528) authorizes an election for the recall of a present incumbent in a municipal office by filing a petition with the city clerk containing the names of twenty-five per cent of the voters voting for Mayor at the last election, such voters to be ascertained by the city clerk from the "voter's register," and if found sufficient to submit the same to the city council who shall order an election. It was *held* that to be qualified the petitioner's name should appear on the "voters register;" and that in passing on the sufficiency of the petition the city clerk acted in a *quasi* judicial capacity and mandamus would not lie to compel him to submit the petition and his finding to the city council.

3. **STATUTE OF FOREIGN STATE: Construction Adopted.** Where a statute is taken from that of another State the Supreme Court of which State has given it a certain construction, it is presumed the Legislature of the former State adopted that construction.

4. **ELECTION: Voter's Register: Poll Books.** Though there is no election book or record specifically called, "voter's register," yet where the statute uses that phrase in providing for a petition for an election to recall a municipal officer, it will be construed to mean the list of voters authorised by law to be listed at an election, such (in the absence of registration) as the poll books.

204 M. A.—14

5. **RETURN TO WRIT OF MANDAMUS: Specific and General Denial: Trial: Appellate Court.** Where the return to an alternative writ of mandamus does not specifically and separately deny the allegations in the writ, making only a general denial; yet if the case is treated as at issue and so tried, without objection, it is too late to raise such point for the first time in the appellate cour.t

Appeal from Adair Circuit Court.—*Hon. James A. Cooley,* Judge.

REVERSED.

*W. F. Frank* for respondent.

*Alex. Doneghy* for appellant.

ELLISON, P. J.—This is a proceeding in mandamus wherein relator seeks to compel respondent, who is city clerk, to certify to the common council of the City of Kirksville a certain petition for an election to elect a successor to one O. M. Hutchinson as one of the councilmen for said city. After a hearing a peremptory writ was ordered by the trial court.

Kirksville is a city of the third class and this proceeding is founded upon section 19, Laws 1913, p. 528, known as the "recall" statute, which reads as follows: "The procedure to effect the removal of an encumbent of an elective office shall be as follows: A petition signed by electors entitled to vote for a successor to the encumbent sought to be removed, equal in number to at least twenty-five per centum of the entire vote for all candidates for the office of mayor at the last preceding general municipal election, demanding an election of a successor of the person sought to be removed shall be filed with the city clerk, which petition shall contain a general statement of the grounds for which the removal is sought. . . . One of the signers of each such paper shall make oath before an officer competent to administer oaths that the statements therein made are true as he believes and that each signature to the paper appended is the genuine

signature of the person whose name it purports to be. Within ten days from the date of filing such petition the city clerk shall examine an|d from the voters' register ascertain whether or not said petition is signed by the requisite number of qualified electors, and if necessary, the council shall allow him extra help for that purpose; and he shall attach to said petition his certificate, showing the result of said examination. If by the clerk's certificate the petition is shown to be insufficient, it may be amended within ten days from the date of said certificate. The clerk shall, within ten days after such amendment, make like examination of the amended petition, and if his certificate shall show the same to be insufficient, it shall be returned to the person filing the same, without prejudice, however, to the filing of a new petition to the same effect.''

The respondent clerk claims that the application and alternative writ fail to state a case or ground of complaint, against him, under this statute. It will be noticed that the statute requires the city clerk within ten days from the date of the filing of the petition, to ''examine and from the voters register ascertain whether or not said petition is signed by the requisite number of qualified electors,'' and he shall attach to the petition his certificate, showing the result of his examination.

Neither the application nor the alternative writ contain an averment that the persons signing the petition for ''recall'' as qualified voters were shown to be such by the ''voters register,'' which the statute requires as a necessary requisite to make them qualified petitioners for recall.

Our law is a copy of the statute of Oklahoma, and in adopting it, we adopted the construction given to it by the courts of that State. [State ex rel. v. Miles, 210 Mo. 127; Knight v. Rawlings, 205 Mo. 412, 433.] The Supreme Court of that State construed the statute as meaning that the alleged qualified voter, signing as a petitioner, must appear on the registration books.

The court's language is that "the registration books will disclose to him (the clerk) whether the names appearing upon the petition ars qualified electors as shown thereby. His rule for determining the qualifications of the electors to sign the petition is limited by the act to the name appearing on the registration books. The election returns disclose to him the number of electors participating in the last preceding vote cast for the candidates and enable him to ascertain whether the number signing the petition was equal in amount to twenty-five per cent thereof, . . . The ordinance under which the clerk is required to act was drawn with the purpose in view of making his duties as simple as they could be. The evidence given by the registration books established a certain and ready foundation as a basis, and was doubtless deemed to be the best and the simplest which could be secured. To permit all to sign such a petition, without reference to previous registration in the city, might result in the petition being signed wholly or to a great extent by parties who never before participated in any election, and of whose qualification there would be no reliable and easily available evidence, and of whom the clerk might be unable to determine whether they were or were not qualified electors. Under these circumstances, as we view it, the trial court was in error in holding as qualified petitioners those who had signed the petitions and whose names were not upon the registration rolls;" [Chesney v. Jones, 31 Oklahoma, 363, 366.] This case is approved in Dunham, City Clerk, v. Ardery, 43 Oklahoma, 619, 630, where it was said that: "It was no doubt intended that the names signed to the petition should not be considered, unless they should be upon the voters register," and where, at page 632, Chesney v. Jones, is quoted from at length.

Our statute uses the term "voters register," as the place where the city clerk looks to ascertain whether the petitioners possess that requisite to a right to petition. We have no book by that name in our election

laws pertaining to elections in cities of the third class. Nor have we any provision for registration in city elections for such cities. The statute ought not to fail for the lack of a record known by that specific name. The expression, the entire section considered, undoubtedly means a record of the voters at the last municipal election for mayor. In point of fact section 3 of article 8, of our Constitution requires a voter's register to be kept in all elections. It reads that "All elections by the people shall be by ballot; every ballot voted shall be numbered in the order in which it shall be received, and the number recorded by the election officers on the list of voters, opposite the name of the voter who presents the ballot." A previous registration is not required for municipal elections in cities of the third class, but a list of the voters is set down and kept, commonly called poll books. We are confident that the Legislature meant such list of voters, thus required to be kept, when it used the expression "voters register."

The same question was presented in the two cases we have cited above from the Supreme Court of Oklahoma and the views herein expressed are in harmony with what was there decided.

Another reason why the judgment awarding this writ cannot stand is that, the duties devolved upon the respondent clerk with reference to a petition for recall of an incumbent are *quasi* judicial, and being so, mandamus will not lie to coerce his judgment, unless he has acted fraudulently or arbitrarily. [State ex rel. v. State Board, 103 Mo. 22, 28; State ex rel. v. Cramer, 96 Mo. 75, 84; Dunham v. Ardery, 43 Oklahoma, 619, 632; 2 Spelling on Extraordinary Remedies, secs. 1434-1437.]

We have examined the evidence preserved by the abstract of appellant and the additional abstract furnished by the relator, but in neither do we find any evidence of fraud or arbitrariness. The appellant appears to have endeavored to perform his duty under the law in all respects. Relator makes no effort to show

fraud and neither fraud nor arbitrary conduct appears in any finding of the court or in the judgment rendered. The only reason given in the finding and judgment is that the "said respondent hath not shown any just cause why a peremptory writ of mandamus should not issue."

Relator has made the point in this court that respondent return to the alternative writ does not specifically and separately deny each of the allegations in such writ, but contended himself with a general denial. Relators reply contains the same fault. But we think that after treating the issues of fact as made up and accepted the pleading as putting the facts at issue in the trial court and tried the case without objection to evidence, it is too late to make any objection to the form of denial for the first time in this court.

This rule does not apply to respondent's point as to failure to state facts to sustain the application for the writ, or, as it may be said, to sustain a cause of action; for that is a defect not waived and an objection on that head may be brought forward for the first time in the appellate court. There were many other points made against the judgment, which, in view of our conclusion it will not be necessary to notice. Reversed. All concur.