No. 10,757.

WEICKER TRANSFER AND STORAGE CO. *v.* COUNCIL OF THE CITY AND COUNTY OF DENVER, ET AL.

Decided June 2, 1924.

Mandamus to compel the issuance of a building permit. Judgment for the City.

*Reversed.*

1. MUNICIPAL CORPORATIONS—*Ordinances—Validity.* Ordinances under which a city council may arbitrarily refuse a building permit in one instance, and grant one in another, where there is no material difference in the structures or business to be conducted in them, are uniformly held void.

2. BUILDING PERMITS—*Abuse of Discretion.* The refusal of a city council to grant a building permit for a warehouse in a business district, under the facts disclosed by the record, held an abuse of discretion.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILBUR F. DENIOUS, Mr. HUDSON MOORE, Mr. CHARLES F. MORRIS, for plaintiff in error.

Mr. RICE W. MEANS, Mr. MILNOR E. GLEAVES, Mr. BENJAMIN S. GALLAND, Mr. N. WALTER DIXON, Mr. JACOB J. LIEBERMAN, Mr. WILLIAM R. EATON, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, owner of certain vacant lots in the city of Denver, applied to the city council for a building permit authorizing the erection of a warehouse thereon. Its application was denied and it thereupon brought this action in mandamus. The district court held against it and to review that judgment it prosecutes this writ.

Section 207 of the building ordinance of the city and county of Denver provides that buildings used for certain purposes, including this proposed structure, "shall be restricted as to location," that before the issuance of a permit the application "shall be approved by the council" and that "the granting of the application for permit will not be approved by the council whenever it appears that the granting of the same is or may be detrimental to public health or safety, or detrimental to the welfare or growth of the city." Defendants in their answer say this permit was refused because the building would be detrimental to public health, safety and welfare. The trial court held the evidence on that issue conflicting and for that reason sustained the refusal as a proper exercise of discretion on the part of the council. Plaintiff's contentions are: First, that said section is unconstitutional and void; second, that if the section is valid the council abused its discretion.

For the purpose of this review we assume, but do not decide, the validity of the ordinance. It must be borne in mind, however, that there is no ordinance which places any specific restrictions upon buildings in the district in question. Hence the action of the council in refusing the permit can only be upheld, if at all, as a proper exercise of discretion under said section 207. Otherwise plaintiff established a compliance with all general regulations and a right to erect the structure. Counsel for defendants, in their brief, admit that the permit must issue unless properly refused on the ground specified in the ordinance. If the council may arbitrarily say that the proposed building is detrimental to health, safety or welfare, it may refuse a permit to one and grant it to another when no material difference appears in structure or business. Such ordinances and such ruling are uniformly held void. *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; *May v. People,* 1 Colo. App. 157, 27 Pac. 1010; *Walsh v. Denver,* 11 Colo. App. 523, 53 Pac. 458; *Phillips v. Denver,* 19 Colo. 179, 34 Pac. 902, 41 Am. St. Rep. 230.

There are some residences in the locality in question,

but we think the evidence is overwhelming and conclusive that it is distinctively a business district. The structure is to be located on East Colfax avenue at Vine street. East Colfax is here a business street. On that section thereof extending four blocks each way from plaintiff's lots there are fifty-three business houses, twelve apartment and rooming houses, four vacant tracts and four private homes. A street car line runs on Colfax Avenue. A service garage adjoins plaintiff's property and grocery stores are plentiful. The proposed building is architecturally unobjectionable, fire proof, and to be devoted exclusively to the storage of furniture and silverware. The alleged objections to its erection clearly appear in the record and the question of abuse of discretion by the council may be readily determined. These objections, so far as they are worthy of notice are: (1) The building will not be lighted after business hours; (2) the loading and unloading of furniture will be accompanied by excessive noise; (3) the building will not conform, in size and height, to surrounding buildings and will be "a nuisance to the sky line;" (4) the building is likely to become rat infested; (5) children are prone to congregate about warehouses with a detrimental result to the morals of the community.

(1)    Business houses are not generally lighted after business hours.

(2)    The noise incident to loading and unloading furniture can not be held objectionable where the noise of street cars, service garages, and freight hauling are a part of the daily and hourly life of the district.

(3)    If the council has power to enforce conformity in size and height of buildings and preserve uniformity of sky line it certainly must do so by ordinance. These things can be specifically prescribed. They call for no exercise of discretion in individual cases and any attempt in that direction must result in the establishment of the mere will or whim of the council as the sole guide.

(4)    The added danger of a pest of rodents by reason of the erection of a furniture and silver warehouse in a

district already generally occupied by grocery stores will be unworthy of consideration until those animals change their habit and diet.

(5)   The only evidence in this record of a detrimental effect of warehouses on the morals of youth relates to such structures situated in wholesale districts and railroad yards where undesirable transients are prone to congregate. It has no reference to localities or surroundings such as are here in question.

We think the trial court was correct in holding that there was evidence in this case which would support the conclusion that the council, in denying the permit abused its discretion, but we are unable to agree that there is any evidence to the contrary.   In our opinion this is a plain case of abuse of discretion.   For that reason alone the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff.