No. 11,049.

City Council of the City and County of Denver, et al. *v.* United Negroes Protective Association.

Decided October 6, 1924.

Action in mandamus. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. Municipal Corporations—*Mandamus.* Where municipal authorities are guilty of abuse of discretion or act arbitrarily in refusing an application for a building permit, mandamus will lie to compel the issuance of the permit.

2. *Discretion of Authorities—Court Control.* Municipal authorities, although invested with power to issue building permits within their discretion, are nevertheless not beyond the control of courts when the discretion is grossly abused or they act arbitrarily.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. Rice W. Means, Mr. Bentley M. McMullin, for plaintiffs in error.

Mr. Charles Ginsberg, for defendant in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

THE United Negroes Protective Association, organized under division XII, chapter 38, C. L. 1921, is a corporation, not for profit, but to establish and maintain in the City and County of Denver an old folks' home for aged people in good health and an orphanage for children of the negro race. By authority of the Governor of the state and his secretary of the department of charities and corrections, acting' under the advice of the Attorney General, a state license was granted to the association to erect and maintain this institution. A contract was entered into for the purchase of city lots in block 43, Case & Ebert's Addition to the City of Denver, on 30th street between Arapahoe and Lawrence, on which to erect the necessary buildings. Sections 698-701, Municipal Code 1917, of the City and County of Denver, provide that no such institution shall be located, erected or operated "without the consent of the council, expressed by resolution or ordinance, first had and obtained", and a permit therefor may not be granted if the construction and maintenance thereof will be injurious or detrimental to the public health or constitute a nuisance. Accordingly, after it had received the state license, the association applied to the city council for a permit to operate and maintain its home and orphanage. A petition or protest against the application was filed with the city council by a large number of the residents of the neighborhood, on the ground that such an institution would be detrimental to the public health and safety of the people living in that vicinity. One of the petitions was filed in anticipation of the application; another was lodged with the city council after the application for the permit was filed. At the next regular meeting of the city council thereafter the application was referred to its committee on health, to which had been previously referred the protests. The committee at once reported unfavorably and on the same night the council denied the application without a hearing. Upon a subsequent rehearing before the committee, which was granted at the association's request, evidence was submitted both by the applicants and protestants and the com-

mittee's report to the city council was again unfavorable and the council again approved the report and denied the permit. Thereafter the association sued out and obtained in the district court, an alternative writ of mandamus commanding the city council and its individual members to issue, or show cause why they should not issue, the permit. A return or answer purporting to show cause was filed, setting forth in substance that the public health would be endangered by the operation and maintenance of an institution of that character in the locality. Both parties produced evidence and the district court, on final hearing, made the alternative writ permanent. The finding of the court reads: "The Court: This is an application for mandamus to compel the city authorities to issue a permit for the erection and maintenance of a home for orphans and for the aged. The case was tried before me and taken under advisement. I find the issues in this case in favor of the plaintiff. I find that the refusal to grant the permit was a gross abuse of discretion, was arbitrary and without justification or legal warrant."

We have condensed, perhaps at unnecessary length, the issues and questions presented by this record. We have done so as the bare statement is the best and most conclusive proof of the fairness of the trial court and the accuracy of its findings upon the evidence submitted. The locality where it is proposed to erect and maintain this institution is congested. Heavy traffic, over railroads and in trucks, passes through it. Business of various kinds, manufacturing, industrial and commercial, is carried on there. Many negroes live in the neighborhood, though people of the white race also reside there. Another institution for white children—the Epworth Home—of the same general character is now, and for many years has been, operated and maintained in the same block, separated by five dwellings from the site selected for the proposed old folks' home and orphanage. The purpose for which this association was organized is a lawful and praiseworthy charity for the care of aged people and children. That

such an institution would not of itself be a nuisance or a menace to public health is not even asserted. The question before the trial court for determination was not, and it is not here, whether such an institution might or might not be so conducted or operated in the future as to become such. The sole question was and is whether its erection and operation of itself was, or would necessarily be, a menace of the objectional character asserted by the protestants. In legal effect the findings of the trial court upon the controverted facts, (indeed, there is no evidence of probative force tending to sustain the action of the city council), was that the operation and maintenance of the institution would not be a menace to public health or constitute a nuisance. The applicant for this permit was entitled to it unless the evidence showed that the grounds of the protests were substantial and true. The court, it will be observed, said that the refusal to grant the permit was a gross abuse of discretion, and arbitrary, without justification or legal warrant. The labored and vigorous argument by the city attorney that mandamus lies only to compel action, not to control discretion, and is restricted to enforced performance of purely ministerial duties, is wholly inapplicable to the facts of this case and contrary to previous decisions of this court. In a recent decision, *Weicker Transfer & Storage Co. v. Council of City & County of Denver, et al.,* 75 Colo. 475, 226 Pac. 857, we specifically held that the municipality was guilty of an abuse of discretion and its acts were arbitrary in denying a permit for the erection of a storage warehouse in the proposed district, and we directed a writ of mandamus to compel it to do so. That decision is controlling here upon the question of law. As the trial court rightly found that the refusal of the city council to grant the permit for this orphanage was a gross abuse of discretion and arbitrary, the judgment commanding it to do so was authorized. Municipal authorities or bodies invested with power of this character, even though in its exercise they have discretion, are not beyond the control of the courts when, as here, by the

finding of the trial court, they have grossly abused that discretion or acted arbitrarily.

The judgment of the district court is so manifestly right under the decisions of this court and of well considered cases of the Supreme Court of the United States and our sister states, that the application for supersedeas must be, and it is denied, and the judgment of the district court is affirmed.

MR. CHIEF JUSTICE TELLER not participating.