## No. 12,356.

C. P. GILLETTE, STATE ENTOMOLOGIST, *v.* PEOPLE, EX REL. RICE.

Decided June 24, 1929.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. SIDNEY P. GODSMAN, Assistant, for plaintiff in error.

Mr. R. H. WALKER, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE district court, by its judgment, ordered the issuance of a peremptory writ of mandamus, commanding C. P. Gillette, as state entomologist, to issue to D. Gover Rice a license to act as county pest inspector of Mesa county. Gillette contends that in doing so the court committed reversible error.

In 1927 the Legislature passed the State Entomologist Act (S. L., ch. 113, p. 377). The office of state entomologist is created. It is enacted that the persons who may be employed under the act, "aside from the state entomologist and his deputies, shall be county pest inspectors and their deputies, who shall be appointed by the county commissioners of the county where they are to serve and receive their pay." Section 4 of the act provides: "It shall be the duty of the state entomologist to

examine all persons appointed by the county commissioners to act as county pest inspectors, and, if found competent and fully qualified to perform the duties of the office, he shall issue to such applicants a license as county pest inspector, and no person shall act as pest inspector unless he holds such license, which shall certify to the competency of the applicant and shall authorize him to act as county pest inspector for a period of two years from date; * * *.''

Pursuant to the statute, the county commissioners appointed Rice county pest inspector. Gillette, as state entomologist, conducted a written examination to determine Rice's qualifications for the position. Rice claims that he answered all questions to the satisfaction of Gillette, and was by him found to be competent and qualified for the position.

■ ■ ■ The trial court, of course, could not substitute its judgment for Gillette's judgment concerning the qualifications of Rice; nor did it do so. With Gillette's discretion the court could not, and did not, interfere. If Rice passed the examination to the satisfaction of Gillette, and in Gillette's opinion was competent and fully qualified to perform the duties of the office, he was entitled to a license, and if the license was arbitrarily withheld, its issuance was properly commanded by the court. *City Council v. United Negroes Protective Association,* 76 Colo. 86, 230 Pac. 598; *Weicker Transfer & S. Co. v. City Council,* 75 Colo. 475, 226 Pac. 857. On conflicting evidence, in part direct and in part circumstantial, the court made a general finding in favor of Rice, and in an opinion said, among other things, that Gillette ''throughout has been controlled very largely by his desires in the premises;'' that he ''was even active in behalf of the retention of Mr. Forrey [the incumbent] in office, and that he was in fact determined that Mr. Forrey should not be replaced, except it be by some one who, in the opinion of the defendant [Gillette], was better qualified''; and that

Gillette "was moved in his rejection of the plaintiff [Rice] by considerations wholly without the province of his discretionary powers, and in doing so, he acted in an arbitrary and unlawful manner." There was evidence tending to show that, to the satisfaction of Gillette, Rice passed the examination and was competent and fully qualified. The evidence was sufficient to sustain the court's finding and judgment, which, therefore, cannot be set aside by this court.

No moral blame is imputed to Gillette. His attitude was largely, if not entirely, due to a misunderstanding of his duty and power under the statute. The state entomologist has nothing whatever to do with the appointment of county pest inspectors. The power to appoint them is vested exclusively in the county commissioners. After such appointment has been made by them, the state entomologist examines the appointee, and if the appointee is found by him to be competent and fully qualified to perform the duties of the office, it is the mandatory duty of the state entomologist to issue a license to him; he has no right to withhold the license because of his preference for some other person, even though such preference is based upon an honest belief that such person is better qualified and should be appointed or, as in the present case, retained.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.