No. 13,219.

STATE EX REL. HOLMES ET AL. *v.* PECK ET AL.

(19 P. [2d] 217)

Decided February 6, 1933.

Mr. J. EMERY CHILTON, Mr. HARRY G. SAUNDERS, for plaintiffs in error.

Mr. JAMES D. PARRIOTT, Mr. FREDERICK P. CRANSTON, Mr. ROBERT J. KIRSCHWING, Mr. HENRY E. MAY, Mr. IRA C. ROTHGERBER, Mr. JOSEPH A. MYERS, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFFS in error instituted this mandamus action in the Denver district court seeking to compel the election commission of the City and County of Denver to certify to the council thereof the sufficiency of a petition seeking to recall the mayor of Denver. The lower court, after an extended hearing, quashed the alternative writ and dismissed the action, to review which this writ is prosecuted.

The record discloses that on June 20, 1932, 961 separate sections of a purported petition to recall the mayor of Denver was filed in the office of the clerk and recorder, ex officio clerk of the city council. Thereupon each of these sections was photographed and on June 21, 1932, all were transmitted by the clerk and recorder to the election commission. On June 24, 1932, Henry McAllister and others filed a protest, containing 37 grounds, challenging several thousand names appearing thereon. Notices were sent out to all signers protested as provided by the charter, notifying them to appear on June 27, 1932, at which time the election commission proceeded to hear said protest and conducted the hearing until the 5th of July, 1932, whereupon said protest was sustained by the election commission in part and overruled in part and the petition was held to be insufficient and such determination certified to the city council July 7, 1932.

A complete stenographic report was made of the proceedings before the election commission. This report was transcribed and filed in the office of the election commission and introduced in the district court in three volumes as Exhibits B, C and D. This evidence constituted the major part of the evidence introduced in the district court. The recall petition, consisting of 961 sections and containing 27,605 signatures, was marked as Exhibit A and introduced in evidence in the district court, as were also Exhibits E, the findings and certificate of the election commission, and F, the protest. These six exhibits were not made part of the bill of exceptions and are not before us. The total number of ballots cast in the last mayoralty election was 93,000. Under section 276 of the charter of the City and County of Denver, at least 23,500 legal signatures were necessary to render the petition sufficient.

The trial court held that the election commission was vested with quasi-judicial power to conduct a hearing and determine the sufficiency of the petition; that the writ of mandamus could not be used to control the dis-

cretion so vested; that the testimony introduced before the election commission was sufficient to sustain its findings in respect to charges of fraud, mutilation and alterations, and that the names stricken out on account thereof amounted to more than 4,500, rendering the petition insufficient because it did not contain signatures of at least 25 per cent "of the legally qualified electors who cast one vote at the last mayoralty election," as required by the charter.

Counsel for petitioners insisted in the lower court and here again urge that the election commission has no quasi-judicial powers in the premises; that its functions are purely ministerial and its action controllable by mandamus and that the court erred in failing to specifically find the exact number of invalid signatures.

The pertinent sections of the charter of the City and County of Denver are:

Section 275. "Any elective officer is subject to recall as herein provided and may be removed from office by a petition of the electors and an election held thereunder. * * * The petition shall name the officer to be removed and be signed by qualified electors equal in number to at least twenty-five per cent of the vote cast, * * * for all candidates for such office at the election at which such officer was elected * * *."

Section 276. "The signatures to petitions need not be on one paper. The circulator of each such paper, which may consist of one or more sheets, shall make an affidavit thereto that each signature thereon is the signature of the persons whose name it purports to be. The residence address of each signer shall accompany the signature. All petitions under the six preceding sections shall be filed with the clerk of the council and by him forthwith transmitted to the election commission, and all petitions shall be deemed and held to be sufficient if they appear to be signed by the requisite number of signers and such signers shall be deemed and held to be qualified electors unless a protest in writing, under oath, shall be filed with

the election commission by some qualified elector within five days after such petition is filed, setting forth the name of each signer protested against and the ground of such protest. Whereupon the election commission shall as soon as possible and within twenty-four hours mail a notice to each signer so protested against at his address given in the petition requiring such signer to be and appear before said commission at a time fixed in said notice, not less than twenty-four hours nor more than forty-eight hours after the mailing of such notice and to defend against the evidence, if any, produced by protestant. If any signer so notified shall fail to appear and satisfactory evidence is given against his qualifications as such signer, his name shall be stricken from the petition. All evidence shall be under oath and any signer present at the hearing may be called as a witness by protestant or testify in his own behalf. All hearings shall be summary and not subject to delay and shall be concluded within fifteen days after such petition is filed. The commission shall forthwith certify the result of its examination to the clerk of the City and County of Denver and serve a copy of such certificate upon the person or persons named in the petition as representing the signers thereof. In case the petition is insufficient, it may be withdrawn by the person or persons named therein as representing the signers and may, within fifteen days thereafter be amended and refiled as an original petition. When the petition contains a sufficient number of signatures the commission shall forthwith file the same with said clerk, who shall forthwith transmit the same to the council, which shall call an election as provided in the preceding sections. The finding of the election commission as to the sufficiency of any petition shall not prevent the same being reviewed by any state court of general jurisdiction upon petition of the person or persons representing or signing such petition.''

Section 276 undoubtedly confers quasi-judicial power upon the election commission of the City and

County of Denver to hear and determine, upon protest, the sufficiency of a recall petition. *Landrum v. Ramer,* 64 Colo. 82, 172 Pac. 3. The language of this section is clear, definite and no other construction is tenable. The election commission, pursuant to such power, conducted an extended hearing lasting eight days, made specific findings and eliminated many more than enough names to render the petition insufficient under section 275, supra. The election commission further found that the petitions for recall had neither been tampered with nor altered at any time after they had been filed with the city clerk. The district court sustained these findings of the election commission.

Plaintiffs in error have not seen fit to present to this court the entire record of the proceedings of the district court, and especially have they failed to submit for our examination any of the exhibits submitted to the district court upon which judgment of the district court was based. In view of this state of the record, it is impossible for this court to determine whether the election commission in conducting the hearing and making its report either exceeded its power or acted arbitrarily as charged in the alternative writ. Accordingly we must conclude that the evidence before the election commission amply sustained its findings and that the district court's determination was likewise supported by sufficient evidence. *Old v. Keener,* 22 Colo. 6, 43 Pac. 127; *Shallcross v. Kretschmer,* 1 Colo. 493; *Sites v. Seymour,* 76 Fed. 116; *O'Haire v. Burns,* 26 Colo. 190, 56 Pac. 1116; *O'Reilly v. Noxon,* 49 Colo. 362, 113 Pac. 486.

The alternative writ charged that the election commission acted in excess of its powers and abused its discretion and that the petitions had been fraudulently tampered with and altered after they had been filed with the city clerk. Under these allegations mandamus was proper. Mandamus will not lie to compel a quasi-judicial tribunal to exercise its discretion in a particular way.

*Farmers' Ditch Co. v. Maxwell,* 4 Colo. App. 477, 36 Pac. 556; *Union Colony v. Elliott,* 5 Colo. 371; *Orman v. People,* 18 Colo. App. 302, 71 Pac. 430. However, it may compel such action where its refusal to so act is the result of fraudulent or arbitrary conduct. *City Council of Denver v. Protective Ass'n,* 76 Colo. 86, 230 Pac. 598; *State ex rel. v. Carothers,* 204 Mo. App. 209, 222 S. W. 1043; *State ex rel. Laird v. Hall,* 49 N. D. 11, 186 N. W. 284; *State ex rel. v. Graves,* 90 Ohio St. 311, 107 N. E. 1018; *Dunham v. Ardery,* 43 Okla. 619, 143 Pac. 331. Neither was here shown. The allegations of fraudulently tampering with and altering the petitions after they were filed with the city clerk were considered by the election commission and held disproven. Independent evidence introduced in the district court not only fails to disclose that there was such fraud, but that the photostatic copies of the petitions were made immediately upon their receipt by the clerk for the specific purpose of refuting such charges.

It is urged that the district court erred in not making specific findings as to the exact number of invalid signatures appearing upon the petition and in refusing to compel the election commission to make a similar specific finding. There is no merit in this contention. The purpose of the action was to compel the election commission to certify the sufficiency of the recall petition to the city council and not to direct the election commission to make specific findings.

There is nothing in the record to justify a conclusion contrary to that of the election commission and the district court that the petition was insufficient because it contained in excess of 4,500 invalid signatures which, when eliminated, would leave a less number of signatures than that required by the charter.

Judgment affirmed.