No. 24693.
No. 24695.

THE PUBLIC UTILITIES COMMISSION OF THE STATE OF COLORADO AND HENRY E. ZARLENGO, HOWARD S. BJELLAND AND EDWIN R. LUNDBORG, INDIVIDUALLY AND AS COMMISSIONERS THEREOF; AND PUBLIC SERVICE COMPANY OF COLORADO *v.* POUDRE VALLEY RURAL ELECTRIC ASSOCIATION, INC.

(480 P.2d 106)

Decided December 28, 1970.    Opinion modified and as modified rehearing denied February 8, 1971.

365

DUKE W. DUNBAR, Attorney General, JOHN E. ARCHI-
BOLD, Assistant, ROBERT E. COMMINS, Assistant, for plain-
tiffs in error The Public Utilities Commission of Colorado
and Henry E. Zarlengo, Howard S. Bjelland and Edwin
R. Lundborg.

Lee, Bryans Kelly & Stansfield, Bryant O'Donnell, Donald D. Cawelti, for plaintiff in error Public Service Company of Colorado.

Warren H. Price, John P. Thompson, for defendant in error.

John J. Conway, for amicus curiae The Colorado Rural Electric Association.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

The parties in this case will be referred to as follows: Plaintiff in Error Public Utilities Commission as PUC; Plaintiff in Error Public Service Company of Colorado as Public Service; and Defendant in Error Poudre Valley Rural Electric Association, Inc. as Poudre Valley.

Although this case involves a complicated factual situation and contains several tangential issues, the main issue for our consideration is whether the district court was correct in determining that the area involved is in category III under our holding in *Public Utilities Comm'n v. Home Light and Power Co.,* 163 Colo. 72, 428 P.2d 928 (hereinafter cited as *Home Light*), and that the Commission was incorrect in finding the territory to be in category IV.

This litigation was commenced on May 2, 1969, by Public Service seeking a certificate of public convenience and necessity to serve the new Eastman Kodak plant near Windsor, Colorado with electrical energy. For convenience, we will refer to the area in question as the "Kodak site." In decision No. 62653 dated April 22, 1964 (hereinafter cited as the 1964 decision), the PUC divided up what is now the Kodak site; it certificated approximately

the northern quarter to Public Service, and the southern three-quarters to Poudre Valley. Kodak requires that all power be delivered by the suppliers to a single point on its land. That point is in the area certificated to Poudre Valley in the 1964 decision. The 1964 decision was reviewed by this Court in *Home Light,* wherein we established five categories of land for purposes of certification. The case at bar raises the question of whether the Kodak site is in territory categorized as category III in which territories we affirmed the Commission's decision No. 62653, or in a territory categorized as category IV where we reversed the Commission's ruling and returned the matter to the Commission for further hearings.

The first hearing on certification of the Kodak site was held June 24, 1969, at which time Poudre Valley instituted an original proceeding before this Court, the result of which was to instruct the PUC to decide whether the Kodak site was category III or category IV land under the *Home Light* decision. A second hearing was held before the PUC on October 21, 1969, and on October 23, 1969, in PUC decision No. 73730, the Kodak site was found to be in category IV. Poudre Valley chose not to seek review of decision No. 73730 until the conclusion of the entire hearing.

Further hearings were held on October 28 and 29, 1969, to determine whether Public Service or Poudre Valley was *better able* to serve the Kodak site. On November 7, 1969, in PUC decision No. 73820 Public Service was given a certificate to serve the Kodak site. Poudre Valley brought an appeal to the district court.

After hearing arguments, the district court ruled that decisions No. 73730 and No. 73820 of the PUC were erroneous in that the territory in question was in category III as a matter of law, and that the Commission's grant of a certificate to Public Service upon the ground that it could better serve the land was erroneous.

I.

At the outset, we point out that the criteria ap-

plied by the PUC in this case in determining the proper supplier was which utility could better serve the customer. This Court has several times pointed out that where an area has been certificated to a utility no other utility may be certificated to serve in that area unless the certified utility is unwilling or unable to serve the particular demand. *P.U.C. v. Grand Valley Rural Power Lines,* 167 Colo. 257, 447 P.2d 27; *Home Light, supra.* The Commission made no finding in the decision now under consideration that Poudre Valley was unwilling or unable to serve the land. The critical question here then is: Was the territory here in question in category III and therefore within an area wherein *Home Light, supra,* affirmed the certifications contained in the 1964 decision?

██ In the 1964 PUC decision, an attempt was made to divide up as much of Northern Colorado as was possible between three utilities. On reviewing this attempt in *Home Light, supra,* we found it advantageous to examine the territory involved in five categories. We described category III land as, "areas where existing lines of more than one utility are in the area, but where such lines do not actually meet or cross one another." *Home Light, supra,* 163 Colo. at 80, 428 P.2d at 933. We described category IV land as, "the areas where the electric lines of more than one competing utility are intermingled. In parts of these areas competing lines cross one another, run closely parallel to one another, or are hopelessly intermingled." *Id.* at 82, 428 P.2d at 933.

██ There is no crossing, paralleling, or hopeless intermingling, such as we were concerned with in defining category IV in *Home Light,* within the Kodak site. There is, it is true, one crossing just to the south of the site. Public Service has a "service drop" to *one farm* that crosses one of Poudre Valley's main distribution lines. A one farm line such as the one Public Service contends creates category IV in this case does not represent the hopelessly intermingled lines which

concerned us in *Home Light.* So slight an amount of service as was provided in the area in question by Public Service did not create the confusion we talked about as characteristic of category IV. Therefore, we conclude the Kodak site itself as well as the general vicinity comprises category III land as defined in *Home Light.* As we have held the area involved here to be in category III, the proceedings before the PUC to determine which utility was better able to serve the site becomes a nullity.

II.

██ ██ In its decision No. 73730 of October 23, 1969, the PUC determined the land in question to be category IV. The PUC now argues that this decision constituted a final judgment requiring Poudre Valley to appeal it immediately or not at all. The PUC is entirely correct if No. 73730 were a final judgment. 1969 Perm. Supp., C.R.S. 1963, 115-6-14, 15. We are of the opinion, however, that No. 73730 is interlocutory, not final, as it was merely a part of the continuing litigation on this problem. *Boxwell v. Greeley National Bank,* 89 Colo. 574, 5 P.2d 868. Unless and until an administrative matter is reduced to a final judgment, settling all the issues between the parties, we will not review it. *Hudler v. New Red Top Valley Ditch Co.,* 121 Colo. 489, 217 P.2d 613. The assignment of separate numbers by the Commission to its decisions dealing with different phases of the same proceeding did not create two separate proceedings.

The judgment of the trial court setting aside decision No. 73820 of the Public Utilities Commission and ordering Public Service Company's application dismissed is affirmed.

MODIFICATION UPON PETITION FOR REHEARING

In the Petition for Rehearing filed by Public Service Company, it is stated that at the present time the Public Service Company is furnishing power to the Kodak plant and that Poudre Valley does not presently have facilities installed for such service.

The District Court is directed to remand the matter to the Public Utilities Commission with the direction that the Commission hold a hearing and determine the earliest feasible date at which Poudre Valley can commence rendering adequate service to Kodak in accordance with our opinion. Our opinion shall be given effect on that date.