MR. JUSTICE DAY
delivered the opinion of the Court.
On certiorari to the District Court for the County of Pueblo, the decision of the Public Utilities Commission in a transfer proceeding was affirmed. Appeal is from that judgment of the district court.
Petitioner Earl F. Buckingham and Gottula Trucking and Transportation Co., Inc. (hereinafter referred to as appellants or individually as Buckingham or Gottula) entered into a sale and purchase agreement, whereby Buckingham acquired the entire Gottula trucking operation. The agreement provided as a condition of the sale “approval of transfer by Colorado *269 Public Utilities Commission at expense of Buyer with no diminution of operating authority.” Appellants filed an application with the Public Utilities Commission (hereinafter referred to as PUC) seeking approval to transfer the total outstanding stock from Gottula to Buckingham. Among the assets of Gottula is ownership of Certificate of Public Convenience and Necessity PUC No. 222 and PUC No. 222-1. PUC No. 222 recites that Gottula has the following authority:
To “conduct * * * the transfer, moving, and general cartage business:
From and to Pueblo, and to and from all other points in the State of Colorado, * * *”
After the transfer hearing before an examiner, findings were entered that the approval of the transfer would be in the public interest. An order was entered approving the transfer. The examiner, however, expanded his order and made additional orders concerning whether PUC No. 222 authorized Gottula to conduct a statewide, irregular route, general cartage business or whether Gottula’s authority was limited. The examiner then redrafted PUC 222 to read:
“Transportation — on call and demand — of General commodities Between all points within the City of Pueblo, Colorado and to and from said points and to points within the State of Colorado.”
Thus, as modified, the certificate no longer provided for statewide authority, but is an in and out authority with a base only at Pueblo, Colorado.
 The PUC adopted the examiner’s findings and entered its decision ordering the transfer condition on acceptance of the altered certificate. Commissioner Zarlengo dissented, expressing the opinion that the Commission’s decision was in excess of its authority. After a denial of a rehearing by the PUC, the appellate district court affirmed the stock transfer and the redrafting of the certificate. The appellants argue here' also that the Commission exceeded its authority in changing the certificate so as to render the trucking operation which Buckingham had purchased to a more restricted *270 authority than Gottula had been operating. We hold that the PUC decision was in excess of its authority and reverse.
A 1968 decision of this court in Public Utilities Commission of the State of Colorado v. Colorado Motorway, Inc., 165 Colo. 1, 437 P.2d 44, is dispositive of the question presented in the instant appeal. We stated:
“There is no question, as an abstract proposition of law, that the Commission has broad constitutional and statutory authority. However, the breadth of that authority is to be tested by the statutes themselves and not by the unbridled whim of the Commission. The Commission is a creature of statute. Both the power and scope of its authority and its procedures are necessarily controlled by the Act upon which it relies. * * *
* * *
“The Public Utilities Commission, * * * cannot, regardless of the type of evidence that may be presented to it, revoke, amend or alter permits or certificates of participating parties. It must comply with the statutory procedural requirements which would legally justify the end sought to be accomplished, issue a notice, hold a hearing at which the respondent is given an opportunity to defend itself, and finally, enter its decision in accordance with the evidence. Anything less will not satisfy the statute nor that quality of fairness required by ‘procedural due process.’ ”
The Commission by statute, C.R.S. 1963, 115-9-6, must authorize the sale, lease, or transfer of any motor vehicle carrier business and the operating rights held by it. The statute sets out no guidelines as to the criteria in granting or withholding the authorization. Assuming, but not deciding, that the Rules and Regulations of the Commission may supply satisfactory guidelines, we find them set out in Rule 5 of the PUC Rules and Regulations Governing Common Carriers by Motor Vehicle. Before it will approve the transfer, the Commission requires a showing inter alia that: The operating rights are not being transferred to a carrier which holds duplicate operating rights; that the transferee intends to engage in bona fide motor carrier operations under such *271 operating rights and is not obtaining the operating rights only for a resale at a profit; that all of the operating rights, and not just a part thereof, are intended to be sold or transferred; that the certificate of convenience and necessity is in full force and effect; that all of the required insurance and surety bonds are on file; that the financial standing and qualifications of the transferee' to conduct the operation are established to the satisfaction of the Commission; and that the transfer will be in the interest of, and not contrary to, the public interest. A written acceptance of the conditions of the order of transfer is required to be filed. There was no issue and no showing that the conditions in Rule 5 were not met.
The PUC contends in its brief that the order was merely an interpretation of its own language in the certificate which it claims is ambiguous. We disagree. The certificate of authority is plain. The record shows that without formal or informal complaint Gottula has for 40 years been operating motor carriers on the highways of the state and has been carrying on a statewide business. The records of the Commission show that in 1968, when Gottula sought to divide its general authority, a Commission decision stated in a preliminary finding specifically that
“Applicant, Gottula Trucking & Transportation, Inc. is the owner and operator of Certificate of Authority PUC No. 222 and No. 222-1, which generally is a statewide general commodities authority with certain restrictions, * * * (Emphasis supplied.)”
The Commission decision, therefore, is more than a mere clarification of language; it is an actual order changing the operating rights under which Gottula has built up its business in the past 40 years.
The decision of the Commission finding that the transfer of the business and operating rights would be in the public interest, that the transferee is in all respects financially responsible and fully qualified to carry on the operations sought to be transferred, and the order authorizing the transfer are not appealed and no issue on those points was raised here. Accordingly, that part of the decision stands.
*272 The judgment of the trial court is reversed, and the cause is remanded to the PUC to vacate that portion of the Order of Transfer amending the certificate.