159

PEOPLES NATURAL GAS DIVISION OF NORTHERN NATURAL GAS COMPANY, a corporation, Plaintiff-Appellee,

v.

PUBLIC UTILITIES COMMISSION OF the STATE OF COLORADO, and Edwin R. Lundborg, Edythe S. Miller and Sanders G. Arnold, individual commissioners, Defendants-Appellants,

and

Farmers Association For Rate Maintenance, Intervenor.

No. 79SA265.

Supreme Court of Colorado, En Banc.

March 16, 1981.

As Modified on Denial of Rehearing April 6, 1981.

T. N. Wright and M. E. Remmenga, Omaha, Neb., Gresham, Stifler, Gentry & Covell, Thomas C. Stifler, Colorado Springs, for plaintiff-appellee, Peoples Natural Gas Division of Northern Natural Gas Co.

J. D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary Mullarkey, Sol. Gen., Deanna E. Hickman, Asst. Atty. Gen., Denver, for defendants-appellants.

Craig Carver, Denver, for intervenor.

ROVIRA, Justice.

This is an appeal from a decision of the District Court in and for the County of El Paso, ordering the Public Utilities Commission of the State of Colorado (the commission or P.U.C.) to allow Peoples Natural Gas Division of Northern Natural Gas Company (Peoples) to take the deposition of Ms. Jacqueline Vermuelen (Vermuelen), an Assistant Solicitor General. We reverse.

### Facts

Peoples is a public utility regulated by the commission. It was the subject of a show cause proceeding initiated by the P.U.C. in Case No. 5758 to determine whether or not Peoples was providing adequate service to its customers. During the course of that adversary proceeding, Vermuelen represented the commission's staff.[1]

A decision on the merits in case 5758 was issued by the commission on December 21, 1978 (Decision No. 78–1684), but prior to the decision's becoming final,[2] Peoples

---

1. *See* P.U.C. Rules of Practice and Procedure, Rule 7(B)(7).

2. Pursuant to section 40–6–114(2), C.R.S. 1973 (1980 Supp.), a decision of the P.U.C. "shall be stayed or postponed pending disposition" of

sought to take the deposition of Vermuelen and gave proper notice of its intention according to C.R.C.P. 30.

Peoples alleged that Vermuelen had engaged in improper *ex parte* communications with at least one commissioner as part of the decision-making process in case 5758. The only evidence offered in support of this claim before the P.U.C. was that there was a "distinct similarity" between "[t]he Commission's decision in this case with regard to reparations" and "the contentions advanced by the Assistant Solicitor General in her statement of position." Otherwise, Peoples claimed a right to discovery based on nothing more than their "information and belief."

A subpoena for Vermuelen's deposition was issued by the secretary of the commission, but it was quashed pursuant to a motion filed by Vermuelen's counsel (Decision No. C79–121). In quashing the subpoena the commission stated that:

"[I]n our view, once the evidentiary record of a case has been closed and the decision of the Commission has been entered, Rule 27(b) (C.R.C.P.) takes effect at that point."

Peoples then filed its motion for leave to take Vermuelen's deposition pursuant to Rule 27(b). The commission denied this motion, stating that there was no legal precedent for an attorney's deposition to be taken pursuant to Rule 27(b) and that there was no showing that Vermuelen was impaired or planning to leave for a foreign jurisdiction which would necessitate perpetuating her testimony as a witness (Decision No. C79–173).

Peoples then filed in the district court a complaint in the nature of review which was later amended by adding a claim for relief in the nature of mandamus against the P.U.C. as to decisions No. C79–121 and C79–173.[3]

In its complaint Peoples claimed that the denial of its request to take the deposition was an abuse of discretion by the P.U.C. which deprived Peoples of procedural and substantive due process.

The commission's position, on this appeal, is that mandamus is proper only where it has failed to exercise its discretion, not where, as here, it has exercised discretion in denying the request for the deposition. It contends that the order denying the request was interlocutory and that the case is not ripe for judicial review until the P.U.C. enters its final order. Further, the commission argues that, if this court addresses the merits of the trial court's order, Peoples does not have a right to depose Vermuelen since to do so would invade the prerogatives of the commission and, in any event, Peoples was not denied due process as a result of alleged *ex parte* communications between Vermuelen and the P.U.C.

## I.

### *Jurisdiction of the District Court*

■ Under *Colo. Const.* art. XXV, the authority of the Public Utilities Commission has been made subject to restrictions which may be imposed by the General Assembly. *Miller Bros., Inc. v. Public Utilities Commission*, 185 Colo. 414, 525 P.2d 443 (1974). Once the legislature acts, the scope of the

---

the matters raised in a properly filed application for reconsideration, reargument, or rehearing.

3. After this court filing, though still within the time period allowed by the commission, Peoples filed an application for reconsideration, reargument, or rehearing of the commission's decision of December 21, 1978. This application included, among the other issues it raised, the claim that Peoples had been denied due process because of the alleged participation of Vermuelen in the P.U.C.'s decision-making process.

Both in the district court and before the commission, Peoples alleged that Vermuelen, who had represented the commission's staff in case 5758, had counseled and participated with a commissioner or commissioners in the preparation of the December 21, 1978, decision and that said counseling and participation was *ex parte*.

The P.U.C. ordered reargument in case 5758 for May 17, 1979. The decision to allow reargument has been continued pending the conclusion of this appeal. No final decision in the case has been reached.

commission's authority and procedures is necessarily controlled by statute. *Buckingham v. Public Utilities Commission,* 180 Colo. 267, 504 P.2d 677 (1972); *Public Utilities Commission v. Colorado Motorway, Inc.,* 165 Colo. 1, 437 P.2d 44 (1968). *Cf. Mountain States Telephone and Telegraph Co. v. Public Utilities Commission,* 195 Colo. 130, 576 P.2d 544 (1978). The district court is empowered to review the commission's decisions pursuant to section 40–6–115, C.R.S. 1973. Such review may take two forms.

Within thirty days after an application for rehearing, reargument, or reconsideration is denied by the P.U.C., a party may "apply to the district court for a writ of certiorari or review for the purpose of having the lawfulness of the final decision inquired into and determined." Section 40–6–115(1), C.R.S. 1973 (1980 Supp.). Alternatively, the legislature has provided that in a "proper case," an action in the nature of mandamus may be brought. Section 40–6–115(4), C.R.S. 1973 (1980 Supp.). The Colorado Rules of Civil Procedure describe the circumstances under which an action in the nature of mandamus is proper if a district court is to compel the performance of an official act. *See* C.R.C.P. 106(a)(2).[4]

█ In the present case, no final decision by the P.U.C. is at issue. The various orders issued by the commission in denying discovery were interlocutory in nature, arising merely as part of the continuing litigation of the basic problem raised in case 5758.

"The assignment of separate numbers by the Commission to its decisions dealing with different phases of the same proceeding did not create . . . separate proceedings." *Public Utilities Commission v. Poudre Valley Rural Electric Ass'n,* 173 Colo. 364, 369, 480 P.2d 106, 108 (1970). The administrative matter raised in case 5758 has not yet been finally determined.

*See Public Utilities Commission v. Poudre Valley Rural Electric Ass'n, supra.* Thus, the case as a whole was not ripe for judicial review. *See* section 40–6–115(1), C.R.S. 1973 (1980 Supp.). The question we must decide, instead, is whether the district court properly exercised jurisdiction by means of mandamus to compel the commission to allow Vermuelen's deposition.

█ Mandamus is only justified when a state agency has failed to perform a statutory duty or to adhere to its statutory responsibility. *County Commissioners v. Edwards,* 171 Colo. 499, 468 P.2d 857 (1970); *see Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977). Generally, this remedy is improper if the court must give directions about the manner in which administrative discretion is to be exercised. *See Lamm v. Barber, supra.* We note that in this case the commission, in the context of its show cause proceeding against Peoples, was exercising a quasi-judicial function. *See Public Utilities Commission v. District Court,* 163 Colo. 462, 431 P.2d 773 (1967). Mandamus, in the ordinary situation, will not lie to compel a quasi-judicial tribunal to exercise its discretion in a particular way. *State v. Peck,* 92 Colo. 224, 19 P.2d 217 (1933).

█ However, regardless of whether a governmental proceeding is quasi-judicial in nature, mandamus will lie when action has been taken arbitrarily or if it reflects a gross abuse of discretion. *City Council of Denver v. Protective Association,* 76 Colo. 86, 230 P. 598 (1924); *see State v. Peck, supra.* We have frequently stated that while matters relating to the discovery of evidence are usually reviewable only on an appeal, mandamus is appropriate if the decision maker has grossly abused its discretion and if the damage suffered by the petitioner cannot be cured by means of an appeal. *Seymour v. District Court,* 196 Colo. 102, 580 P.2d 302 (1978); *Curtis, Inc. v. District Court,* 186 Colo. 226, 526 P.2d

---

4. Rule 106(a)(2) provides relief under the following circumstances:

"Where the relief sought is to compel an inferior tribunal, corporation, board, officer or person to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, officer, or person. . . ."

1335 (1974). *See Chicago Cutlery Co. v. District Court*, 194 Colo. 10, 568 P.2d 464 (1977) (under C.A.R. 21, a similar standard of review is applied both for mandamus and prohibition in matters relating to pretrial discovery). Under these circumstances, mandamus is available to "ensure observance of the rules of civil procedure." *Tyler v. District Court*, 193 Colo. 31, 33, 561 P.2d 1260, 1262 (1977); *see Lucas v. District Court*, 140 Colo. 510, 345 P.2d 1064 (1959). Consequently, our inquiry is whether the commission abused its discretion in barring Vermuelen's deposition and, if it did, whether such an abuse could adequately have been cured in the course of Peoples' appeal of the commission's final decision by means of a certiorari-type review.

## II.

### *The Commission's Action*

The commission has a statutory responsibility to conduct its proceedings in such a manner as will best serve the ends of justice. Section 40–6–101(1), C.R.S. 1973. Its official acts must be "entered of record," and its hearings must be public. *Id.* The secretary of the commission has been delegated power by the legislature to institute the taking of depositions of "any witness whose testimony is required in any proceeding pending before the commission in like manner and to the same extent as courts of record." Section 40–6–102(1), C.R.S. 1973. The commission has itself adopted procedures for conducting discovery which are based on the Colorado Rules of Civil Procedure.[5]

In addition to the specific procedures mandated in articles 1 to 13 of title 40 of C.R.S. 1973, the commission is obligated to apply the provisions of article 4 of title 24, C.R.S. 1973 (the State Administrative Procedure Act), to the "work, business, proceedings, and functions of the commission, or any individual commissioner or examiner . . . ." Section 40–6–101(1), C.R.S. 1973. *See* section 24–4–107, C.R.S. 1973.

It is plainly set down in section 24–4–105(14), C.R.S. 1973 (1980 Supp.), that "[n]o ex parte material or representation of any kind offered without notice shall be received or considered by the agency [conducting hearings or making determinations] or by [its] hearing officer." Peoples had sought to discover information regarding such alleged *ex parte* communications when it was issued a subpoena by the P.U.C.'s secretary so that it could depose Vermuelen.

■ If these communications actually took place between the commission and a staff attorney, then Peoples' claim that it was deprived of due process cannot be dismissed lightly. We have no doubt that questionable *ex parte* exchanges between an advocate and an adjudicatory tribunal may not arbitrarily be screened from appellate scrutiny. The power to block discovery may not properly be exercised when the evidence which is sought is of the sort which must be considered by an administrative body in exercising the discretion vested in it by the legislature. *See Van De Vegt v. Board of County Commissioners*, 98 Colo. 161, 55 P.2d 703 (1936). However, in this case we are not of the opinion that the commission abused its discretion in denying discovery to Peoples.

■ The deposition was requested as part of a post-hearing, pre-appeal administrative proceeding. This situation is not comparable to pretrial discovery, during which the rules of civil procedure are generally read to favor the production of information that may be relevant to the subject matter of the action at hand. *See C. Wright, Law of Federal Courts* § 81 (3d ed. 1976). Here the commission had considerable discretion in deciding whether or not Vermuelen's deposition was required. *See* C.R.C.P. 27(b). We therefore conclude that in a post-hearing, pre-appeal administrative proceeding, discovery should be available as a matter of right only if the party alleging procedural irregularities first shows, by affidavit or other substantial factual evidence, that there is good cause to believe

---

5. *See* Rule 14(M) of the P.U.C.'s Rules of Practice and Procedure.

that *ex parte* communications, personal bias, or other impermissible considerations played a part in the tribunal's decision.

 Our conclusion is in keeping with the policy that underlies C.R.C.P. 59(a). A motion for a new trial is analogous to a motion for reconsideration, reargument, or rehearing in a proceeding before the P.U.C. The requirement of a supporting affidavit under Rule 59 serves to demonstrate that one who moves for a new trial, alleging irregularities in prior proceedings that denied him a fair trial, is acting upon a basis of knowledge, not upon a suspicion or mere hope. *Cawthra v. City of Greeley*, 154 Colo. 483, 391 P.2d 876 (1964). Hearsay and conclusory allegations are insufficient under Rule 59. *Hansen v. Dillon*, 156 Colo. 396, 400 P.2d 201 (1965).

Similarly, under section 24–4–105(3), C.R.S. 1973, a motion seeking to disqualify a hearing officer, a member of the agency, or the agency itself from presiding over an administrative hearing must be accompanied by a timely and sufficient affidavit of personal bias.

 Because Peoples' speculative and uncorroborated allegations before the commission failed to establish a sufficient factual basis to entitle it to depose Vermuelen as a matter of right, we hold that the commission did not abuse its discretion in quashing the subpoena served upon her or in denying discovery under C.R.C.P. 27. Consequently, we also hold that this was not a proper case for the district court to mandate that Vermuelen's deposition be taken and considered by the commission at reargument of case 5758. *See* section 40–6–115(4), C.R.S. 1973 (1980 Supp.).

We reverse the order of the district court and remand this case with instructions to dismiss.